IVWILLIAMS, Judge.
The defendant, Nicholas Garza, was charged by bill of information with possession of cocaine, a violation of LSA-R.S. 40:967(C). In an unrelated incident, the defendant was . charged by bill of information with attempted second degree murder, a violation of LSA-R.S. 14:27 and 14:30.1, and simple kidnapping, a violation of LSA-R.S. 14:45. Pursuant to a plea agreement, the defendant pled guilty to aggravated battery and possession of cocaine. The charge of simple kidnapping was dismissed. The defendant was sentenced to serve concurrent sentences of ten years at hard labor for aggravated battery and five years at hard labor for possession of cocaine. The defendant failed to file a motion for reconsideration of sentence; however, in this out-of-time appeal, the defendant urges that the sentences are excessive and that the trial court failed to articulate reasons to support the sentences. For the following reasons, we affirm.
FACTS
The. record reflects that in December 1997, the defendant was found to be in possession of a small amount of cocaine. As a result, the defendant was arrested and charged with possession of cocaine. In an unrelated incident that occurred in April 1998, the defendant and several other individuals were involved in an altercation that began at a motel in Bossier City, Louisiana that involved Janies Byrd. The victim, Byrd, was forcibly taken from the motel and- transported to another location in Bossier City where he was thrown into a ditch. The defendant struck Byrd several times on the head with a tree limb in an effort to silence him. When Byrd continued making noise, the defendant slit his throat. The defendant then left the scene.
Regarding the December 1997 incident, the defendant was charged by bill of information with possession of cocaine. For the incident involving James Byrd, he was charged by bill of information with attempted second degree murder and | ^kidnapping. The defendant agreed to plead guilty to possession of cocaine and aggravated battery with the stipulation that he would receive concurrent sentences of five years and ten years, respectively, and that the charge for kidnapping would be dismissed. The trial court sentenced the defendant pursuant to the plea agreement. The defendant appeals.
DISCUSSION
The defendant urges that the sentences are excessive and that the trial judge failed to adequately articulate reasons to support the sentences.
LSA-C.Cr.P. art. 881.2(A)(2) provides that the defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. This provision applies both to agreed sentences and to agreed ceilings, ranges or sentencing caps. State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Rice, 26,478 (La.App.2d Cir.12/7/94), 648 So.2d 426, writ denied, 95-0431 (La.6/16/95), 655 So.2d 340.
The record reflects that the state, the defendant and the trial judge agreed that the defendant would be sentenced to serve five years on the charge of possession of cocaine and ten years on the charge of aggravated battery, concurrently. The sentences imposed were within the limits of the agreement. Therefore, the defendant may not appeal his sentences. See, State v. Jonas, 29,750 (La.App.2d Cir.8/20/97), 698 So.2d 744.
Assuming, arguendo, that this court were to review the sentences for constitutional excessiveness, we would find no error. The evidence shows that the defendant was guilty of the offense of attempted second degree murder, which carries a sentence of not less than ten years and not more than fifty years at hard labor, without benefit of parole, probation or suspension of sentence. Although the *569 defendant is a first felony offender, he received a substantial benefit from his plea bargain. The defendant’s conviction for aggravated battery does not adequately | .¡describe his criminal conduct. In cases where a significant reduction in potential exposure to confinement has been obtained through plea bargain and the offense involves violence upon a victim, the trial court has great discretion in imposing the maximum sentence possible for the pled offense. The aggravated battery involved violence to the victim and warrants the imposition of the maximum sentence permitted by the statute of conviction. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667. The trial court afforded great leniency by agreeing to direct that the sentences be served concurrently. The sentences imposed are not constitutionally excessive.
We have examined the record for error patent and found none.
The convictions and sentences are affirmed.
AFFIRMED.