I t KOSTELKA, J.
Jesse James Hearold, Jr. (“Hearold”), originally charged with simple burglary and four counts of felony theft, pled guilty as charged, except for the dismissal of one theft charge. Hearold was ultimately sentenced on the simple burglary for the maximum of twelve years at hard labor, to run concurrently with the sentences previously imposed on the theft counts. It is only the sentence on the simple burglary conviction that Hearold appeals. We affirm.
Facts
On November 4th and 5th of 1997, defendant, then age 18, and a juvenile companion went on a crime spree in Ouachita Parish. The criminal acts included stealing four all-terrain vehicles, one of which had been housed in a storage shed which constituted the burglary charge. The ve- *1270 hieles were recovered, but were in heavily damaged condition.
Upon Hearold’s arrest, he was charged as stated above. The parties entered into a plea agreement under which Hearold pled guilty as' charged, except for one duplicitous theft charge which the state dismissed. The state also agreed to dismiss numerous unrelated charges of issuing worthless checks and several other theft charges. Finally, the parties and the court agreed that all sentences would be served concurrently and that the sentence would not exceed twelve years. Hearold expressly agreed on the record that he would not be entitled to appeal a sentence of twelve years or less.
After the guilty pleas were entered and at Hearold’s first sentencing hearing, the trial court imposed seven-year sentences (recommending Hearold for the IMPACT Program) on each of the three theft charges to run concurrently but deferred sentencing on the burglary charge.[1] Subsequently, Hearold escaped from jail and apparently committed other criminal offenses. After Hearold’s re-arrest, lathe court imposed the maximum twelve-year sentence on the simple burglary charge and denied his motion for reconsideration of sentence. Defendant now challenges the twelve-year sentence for the simple burglary conviction as excessive.
Discussion
As noted above, Hearold agreed that his plea bargain included a twelve-year cap and that he would not be able to appeal a sentence of twelve years or less. La.C.Cr.P. art. 881.2(A)(2) provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. This provision applies both to agreed sentences and to agreed ceilings, ranges or sentencing caps. State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Garza, 32,948 (La.App.2d Cir.03/01/00), 756 So.2d 567, 568; State v. Rice, 26,478 (La.App.2d Cir.12/07/94), 648 So.2d 426, writ denied, 95-0431 (La.06/16/95), 655 So.2d 340.
The record reflects that the state, Hearold and the trial judge agreed that Hearold could be sentenced to serve a maximum of twelve years on the simple burglary charge to run concurrent with the theft charges. The sentence imposed was within the limits of the agreement. Therefore, Hearold may not appeal his sentences. See, State v. Garza, supra.
However, assuming, arguendo, that this court were to review the sentences for constitutional excessiveness, we would find no error, because a review of the trial court’s articulation of reasons at Hearold’s sentencing hearing shows that the sentence imposed is in accordance with the jurisprudential analysis recently set forth in State v. McKinney, 31,611 (La.App.2d Cir.02/24/99), 728 So.2d 1009.
Prior to imposing sentence, the district court reviewed previous presentence investigation reports and other information including medical reports, Hearold’s juvenile record and letters from family members. The court considered the facts | ssurrounding the thefts and the burglary charge. The trial court considered the amount of monetary damage caused by Hearold as a result of the thefts and the impact the crimes had on the victims. The trial court also discussed the numerous letters of support by Hearold’s family. However, the trial court noted Hearold’s lengthy juvenile record and his very limited employment history. Additionally, while in jail on the instant charges, Hea-rold damaged other inmates’ bunks and state property. The trial court acknowledged that Hearold had been given leniency after the first sentencing on the three thefts, only to have absconded and com *1271 mitted more crimes. The court also recognized that Hearold had attempted to commit a burglary while on bond on the instant charges and had received considerable leniency from the offer of concurrent sentences with the twelve-year cap. The trial court found that Hearold was in need of correctional treatment in a custodial environment and that a lesser sentence would deprecate the seriousness of the offense. Finally, the trial court stated that Hearold’s record was “one of the worst” the court had ever seen.
We agree. Hearold is that type of offender for whom the maximum sentence is appropriate. See, State v. Grissom, 29,718 (La.App.2d Cir.08/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991).
The sentence imposed is lawful. It is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. There is no showing of a manifest abuse of the trial court’s broad discretion. Therefore, the sentence is not constitutionally excessive. The assigned error is without merit.
The conviction and sentence are affirmed.
AFFIRMED.

. The sentences on the theft charges are not being appealed, and, therefore, the transcript from that sentencing hearing was not made part of the record on appeal.