803 So.2d 405 (2001)
STATE of Louisiana, Appellee,
v.
Joseph HENTON, Appellant.
No. 35,363-KA.
Court of Appeal of Louisiana, Second Circuit.
December 19, 2001.
Joseph Henton, Pro se.
Paula C. Marx, Louisiana Appellate Project, Counsel for Appellant.
Richard Ieyoub, Attorney General, James David Caldwell, District Attorney, James Trey Phillips, Assistant District Attorney, Counsel for Appellee.
Before BROWN, DREW and KOSTELKA, JJ.
BROWN, J.
On June 22, 1998, in Tallulah, Louisiana, defendant, Joseph Henton, and two others beat and robbed a pizza delivery man of money, shoes and his car. The beating resulted in the victim, a college student at the time, incurring permanent head and brain injuries. Defendant pled guilty to car jacking, a violation of La.R.S. 14:64.2. The state and defendant agreed upon an 18 year sentencing cap and charges of armed robbery, purse snatching and aggravated second degree battery were dismissed.
On January 19, 1999, the trial court sentenced defendant pursuant to the terms of the plea agreement. The court found the actions of defendant and the other parties involved to be particularly brutal. The trial court noted that defendant had an extensive criminal record and sentenced defendant to 18 years at hard labor without benefit. Defendant filed a motion to reconsider sentence, which was denied on March 21, 2001. This appeal followed.
Defendant's appointed counsel filed a brief and motion pursuant to State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, in *406 which she asserted that she could find no appealable issues. She moved to be allowed to withdraw as defendant's counsel of record.
The record reflects that defendant agreed to a plea bargain that greatly reduced his sentencing exposure. Where a specific sentence or sentence cap has been agreed to as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive. La.C.Cr.P. art. 881.2(A)(2); State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Hearold, 34,183 (La. App.2d Cir.01/24/01), 777 So.2d 1269, writ denied, 01-0807 (La.11/16/01), 801 So.2d 1076.
We have examined the record for error patent and have found none. The guilty plea was properly obtained and the sentence imposed is lawful and within the plea agreement.
Defendant's sentence is affirmed. Defendant's appellate counsel's motion to withdraw is granted.
AFFIRMED. MOTION TO WITHDRAW GRANTED.