837 So.2d 733 (2003)
STATE of Louisiana, Appellee,
v.
Danny Ray JEFFERSON, Appellant.
No. 36,562-KA.
Court of Appeal of Louisiana, Second Circuit.
January 29, 2003.
Rehearing Denied February 27, 2003.
*734 Louisiana Appellate Project by: Paul Corley Marx, Carey J. Ellis, III, for Appellant.
Danny Ray Jefferson, Pro se.
Richard Ieyoub, Attorney General, William R. Coenen, District Attorney, Penny Wise Douciere, Kenneth Douglas Wheeler, Assistant District Attorneys, for Appellee.
Before STEWART, GASKINS and PEATROSS, JJ.
STEWART, J.
In this matter, the defendant, Danny Ray Jefferson, pled guilty to simple robbery and attempted possession of a firearm by a convicted felon, with concurrent sentences of seven years and seven and one-half years on the respective counts. The defendant filed a pro se brief in which he asserts the illegality of his sentence based on the trial judge's failure to recuse himself and disputes the sufficiency of the evidence underlying his conviction. The appointed appellate counsel seeks to withdraw representation based on a lack of appealable issues in this matter. We affirm the defendant's conviction and sentence and grant the motion to withdraw.

FACTS
On May 9, 2001, the defendant, while armed with a shotgun, took his mother's car keys and drove the car from her home. The police found the defendant a few miles away. The shotgun was inside the car. On June 1, 2001, the defendant was charged with armed robbery, to which he pled not guilty. The state later amended the bill of information to add a charge of possession of a firearm by a convicted felon based on the defendant's prior conviction in 1993 of attempted possession of cocaine. The defendant pled not guilty to this charge as well.
The defendant filed several pro se motions, including a motion to recuse the trial judge filed on January 8, 2002. As a basis for the recusal, the defendant alleged a conflict of interest based on a "business and personal relationship" between the trial judge and the district attorney. The defendant's motion referred to a pending legal matter in federal court against the *735 Richland Parish district attorney and sheriff's department.
On January 14, 2002, the defendant, who was represented by counsel, entered into a written plea agreement with the state. The defendant agreed to plead guilty to reduced charges of simple robbery and attempted possession of a firearm by a convicted felon. The defendant and the state also agreed to a seven year hard labor sentence on the simple robbery charge and a seven and one-half year sentence on the attempted possession of a firearm by a convicted felon charge, with the sentences to run concurrent. During the guilty plea proceedings, the defendant further agreed to dismiss his motion to recuse the trial judge. The record reflects that prior to accepting the plea agreement, the trial judge fully advised the defendant of his constitutional rights and determined that the defendant understood he was waiving these rights by pleading guilty.
On April 10, 2002, the trial court sentenced the defendant pursuant to the terms of the written plea agreement. Thereafter, the defendant again filed a motion to recuse. Two trial judges subsequently recused themselves from further proceedings involving the defendant. The defendant also filed post-sentencing motions to dismiss the charges and correct the illegal sentence based on the argument that the trial judge erred in failing to recuse himself at the time of the motion to recuse filed in January 2001, prior to the plea agreement. These were denied by the trial court.
On appeal, the defendant's appointed counsel filed a brief and motion pursuant to State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, in which he asserted that he could find no appealable issues. Counsel moved to be allowed to withdraw as the defendant's counsel of record.
On July 31, 2002, this court issued an order holding the motion in abeyance and granting the defendant thirty days in which to file any briefs. The defendant timely filed a brief, but he failed to provide any assignments of error. Instead, the defendant reasserted his arguments that the plea agreement and sentence are illegal due to the failure of the trial judge to recuse himself and that the evidence of the robbery was insufficient to support his conviction.

DISCUSSION
The record shows the bills of information to be in proper form. The defendant was represented by counsel. In accepting the defendant's guilty plea, the trial court complied with La.C.Cr.P. art. 556.1. At the guilty plea proceeding, the trial judge advised the defendant of the right to trial by jury, the right to confront and cross-examine witnesses against him, the presumption of innocence, the right to remain silent, and the right to court-appointed counsel. The defendant knowingly and voluntarily pled guilty to the significantly reduced charges of simple robbery and attempted possession of a firearm by a convicted felon. The defendant and the state agreed to concurrent sentences of seven years and seven and one-half years respectively. These sentences were within the statutory limits of La. R.S. 14:65, and one-half the statutory limit of La. R.S. 14:95.1, as required by the attempt statute, La. R.S. 14:27.
With regard to the defendant's motion to recuse filed prior to the plea agreement, the record clearly reflects that the defendant dismissed the recusal motion prior to entering his guilty plea. The record also reflects that the trial judge questioned the defendant about his understanding that he was dismissing the recusal motion along with entering the guilty plea. Again, the *736 defendant knowingly agreed to dismiss the motion to recuse. We find no merit to the claim that the sentence was illegal due to the failure of the trial judge to recuse himself.
We also find no merit to the defendant's claim that the state's evidence does not support his conviction and that his actions were not robbery. A validly entered plea, or a plea of nolo contendere, waives any right a defendant might have had to question the merits of the state's case and the factual basis underlying the conviction. State v. Bourgeois, 406 So.2d 550 (La.1981); State v. Harden, 506 So.2d 1265 (La.App. 2d Cir.1987), writ denied, 512 So.2d 438 (La.1987). Because the defendant entered an Alford plea of guilty to the charge of simple robbery, he cannot now challenge the merits of the state's case or the factual basis underlying his conviction.
An examination of the sentencing transcript shows that the trial judge carefully reviewed every factor listed in La. C.Cr.P. art. 894.1. Moreover, because the defendant agreed to a specific sentence as a consequence of his plea bargain, the sentence cannot be appealed as excessive. La.C.Cr.P. art. 881.2(A)(2); State v. Henton, 35,363 (La.App.2d Cir.12/19/01), 803 So.2d 405.
Our review of this record discloses no error patent. The defendant was advised of his rights to appeal and to seek post-conviction relief.
In conclusion, the guilty plea was properly obtained. The sentence imposed is lawful and within the terms of the written plea agreement. The defendant voluntarily dismissed his motion to recuse the trial judge before entering the guilty plea. There is no showing of any abuse of the trial court's broad discretion.

DECREE
We hereby affirm the defendant's conviction and sentence. We grant appellate counsel's motion to withdraw.
AFFIRMED.
MOTION TO WITHDRAW GRANTED.

APPLICATION FOR REHEARING
Before BROWN, C.J., STEWART, GASKINS, PEATROSS, and MOORE, JJ.
Rehearing denied.