865 So.2d 326 (2004)
STATE of Louisiana, Appellee,
v.
Mario WEST, Appellant.
No. 38,231-KA.
Court of Appeal of Louisiana, Second Circuit.
February 4, 2004.
*327 Joseph M. Clark, Sr., Carey J. Ellis, III, Louisiana Appellate Project, for Appellant.
John Schuyler Marvin, District Attorney, Robert Lane Pittard, C. Sherburn Sentell, III, Assistant District Attorneys, for Appellee.
Before BROWN, STEWART, and LOLLEY, JJ.
BROWN, C.J.
The state initially charged defendant, Mario West, with one count of first degree murder, one count of distribution of cocaine, and one count of conspiracy to distribute cocaine arising out of the February 2000 homicide of Tina Meadows. The state and defendant, however, entered into a plea bargain, the terms of which were as follows. The state agreed to dismiss the murder and distribution charges in exchange for defendant's agreement to testify truthfully against his co-defendants if needed.[1] The agreement also provided for a sentence range of five to fifteen years, with the first five years to be served without benefit. The court sentenced defendant to 15 years at hard labor. Following the denial of a timely pro se motion for reconsideration, defendant argues that his 15-year sentence is excessive. Finding no error, however, we affirm.

Discussion
On February 14, 2000, Correando Thompson, Darrick Tubbs and Tina Meadows drove from Bernice, Louisiana, to the Minden residence of Al Cooper to sell him a large quantity of cocaine. Defendant was in Cooper's home at the time. Thompson and Cooper argued over the quality of the cocaine. According to one witness, defendant pulled a gun, and Cooper stabbed Tina Meadows. Tina staggered into the street and ultimately bled to death from a cut jugular vein. Tubbs, Al Cooper, Brian Cooper, and defendant surrendered to police two days later.
Where a specific sentence or cap has been agreed to as a consequence of a plea bargain, a sentence imposed within the agreed upon range cannot be appealed as excessive. La. C. Cr. P. art. 881.2(A)(2); State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171; State v. Jefferson, 36,562 (La.App.2d Cir.01/29/03), 837 So.2d 733, writ denied, 03-0933 (La.11/07/03), 857 So.2d 516; State v. Henton, 35,363 (La.App.2d Cir.12/19/01), 803 So.2d 405. Therefore, defendant may not appeal his sentence, which was within the *328 range agreed upon by the defense, state and trial court.
Should we review the sentence for constitutional excessiveness, however, we would find no error. In fashioning defendant's sentence, the trial court considered the dispositions of his co-defendants. The court noted the gravity of defendant's participation in the drug transaction. The sentence is not grossly out of proportion to the seriousness of the offense, nor is it a purposeless and needless infliction of pain and suffering. Furthermore, when viewed in light of the harm done to society, it does not shock the sense of justice. This sentence is not excessive by constitutional standards.
We note, however, that the trial court failed to state at sentencing that the first five years were to be served without benefit. However, this error will be corrected automatically by operation of La. R.S. 15:301.1. See State v. Klasek, 37,114 (La. App.2d Cir.04/11/03), 843 So.2d 646, writ denied, 03-1359 (La.12/12/03), 860 So.2d 1149.
AFFIRMED.
NOTES
[1] The record shows that plea agreements were entered into with each co-defendant.