|,WILLIAMS, J.
The defendant, Lamarcus L. Johnson, was originally charged by bill of information with attempted second degree murder, a violation of LSA-R.S. 14:30.1 and 14:27. Prior to trial, the state amended the charges to possession of a firearm by a felon, a violation of LSA-R.S. 14:95.1, and aggravated assault with a firearm, a violation of LSA-R.S. 14:37.4. The defendant pled guilty to the aggravated assault charge in exchange for the state’s agreement to dismiss the felon in possession charge and to not file a habitual offender bill of information. The court imposed the maximum sentence of five years at hard labor, and directed that the first two years of the sentence be served concurrently with a probation revocation sentence. The court denied a timely motion for reconsideration of sentence. On appeal, the defendant contends the sentence is excessive. We affirm.
The matters of record show that on June 27, 2003, the victim, Albert Shell, stopped his vehicle in the Love Estates area of Ouachita Parish to talk to a female. The defendant walked up and began arguing with Shell concerning whose girlfriend the female was. As Shell drove away, the defendant fired three or four shots at him. One of the bullets hit Shell’s vehicle.
The defendant on appeal, in addition to reciting the considerations made below, argues that he “believes” he was acting in self-defense when he committed the earlier crime of violence for which he was on probation at the time of the commission of the instant offense. This bare claim carries no weight, as the defendant entered a guilty plea to that prior offense and thereby waived any right to challenge the merits of the state’s case and the | ^factual basis for that conviction. State v. Jefferson, 36,562 (La.App. 2d Cir.1/29/03), 837 So.2d 733, writ denied, 2003-0933 (La.11/7/03), 857 So.2d 516.
With regard to the instant offense, the defendant contends the trial court erred by imposing an excessive sentence. He argues that a lesser sentence would be more appropriate, considering his background and the circumstances of the case.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with LSA-C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). This record shows more than adequate compliance with the statutory considerations.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. art. I, § 20, if it is grossly out of proportion to the ^seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered gross *1264 ly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Grissom, 29,718 (LaApp. 2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. Black, 28,100 (La.App. 2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
Furthermore, a trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App. 2d Cir.5/12/04), 873 So.2d 939.
| ¿Prior to imposing sentence, the district court considered a presentence investigation report (“PSI”) and' letters from the defendant, his family and friends. The court noted that the state had charged the defendant in 1999 with attempted second degree murder, but had allowed him to plead guilty to aggravated battery with a suspended seven-year sentence. That probation was revoked as a result of this incident. The court also noted that the 1999 offense and the instant offense were both crimes of violence. The court stated that it had considered the provisions of LSA-C.Cr.P. art. 894.1 and found that correctional treatment was both appropriate and required. The court observed that the defendant’s conditions of probation had prohibited the possession of firearms. Through his plea bargain, the defendant had avoided the fifteen-year sentence which could have been imposed for the dismissed charge of possession of a firearm by a felon.
The court then considered the defendant’s social and educational history, and observed that he has one child and a fian-cée. However, the court found that there was no lawful provocation to justify this shooting. The court noted that the defendant’s work history was “not exactly stellar,” but he had been gainfully employed. The court also noted that the defendant never knew his father and had an eighth grade education. Finally, the court concluded that a lesser sentence would deprecate the seriousness of the offense. It ordered that the defendant serve the maximum sentence.
On this record, we do not find constitutional error. The defendant is a second felony offender with a prior conviction for a crime of violence for which he was on probation at the time of the commission of the instant |soffense. He was given great lenience by the state through its decision not to charge him as a habitual offender and by the reduction of the charges. The offense of conviction does not adequately describe his criminal conduct, which involved violence upon the intended victim and which threatened the risk of death or great bodily harm to other persons living in the residential area in which the defendant chose to fire multiple gunshots. The court demonstrated lenience by directing that a portion of this sentence be served *1265 concurrently with the probation revocation sentence.
We find that the sentence imposed is lawful and there is no lawful excuse or justification for the defendant’s conduct in this matter. Considering his violent history, his other personal history and the circumstances of this case, we find that the sentence imposed is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. Thus, we conclude that there is no showing of an abuse of the district court’s broad discretion in the imposition of this sentence, which is ably supported by the record and which is not constitutionally excessive.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.