# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-884

**STATE OF LOUISIANA**

**VERSUS**

**CARL W. BRISTER**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR333-05
HONORABLE HERMAN I. STEWART, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, and James T. Genovese, Judges.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**

David W. Burton
District Attorney
Richard Alan Morton
Assistant District Attorney
Post Office Box 99
DeRidder, LA   70634
(337) 463-5578
COUNSEL FOR APPELLEE:
     State of Louisiana

W.  Jarred Franklin
Louisiana Appellate Project
3001 Old Minden Road
Bossier City, LA   71112
(318) 746-7467
COUNSEL FOR DEFENDANT/APPELLANT:
     Carl W. Brister

AMY, Judge.

The defendant, an adult, was charged by bill of information with two counts of felony carnal knowledge of a juvenile in violation of La.R.S. 14:80 for having sexual intercourse with a fifteen year-old female. Pursuant to a plea agreement, the defendant pled guilty to one count of felony carnal knowledge of a juvenile. The second count was dismissed. The defendant was sentenced to five years at hard labor with credit for time served. This sentence was ordered to run concurrently with any other sentences the defendant was subject to at the time of arrest. In addition, the defendant was ordered to pay a $1,000.00 fine plus court costs. He was also ordered to register as a sex offender pursuant to La.R.S. 15:542. The defendant filed a motion to reconsider the sentence, which the trial court denied. He now appeals, alleging that his sentence is excessive and that the trial court did not adequately consider certain mitigating factors. For the following reasons, we affirm as amended and remand with instructions.

## Discussion

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent in need of correction.

Pursuant to La.R.S. 15:537(A), a person convicted of or who pleads guilty to a sex offense, including felony carnal knowledge of a juvenile, "shall not be eligible for diminution of sentence for good behavior." Here, the trial court failed to deny the defendant diminution eligibility under the statute. In *State v. S.D.G.*, 06-174, p. 5 (La.App. 3 Cir. 5/31/06), 931 So.2d 1244, 1247 (citing *State v. G.M.W., Jr.*, 05-391, p. 2 (La.App. 3 Cir. 11/2/05), 916 So.2d 460, 461), this court stated:

We note that the second paragraph of La.R.S. 15:537 is clearly directed to the sentencing court, and the trial court's failure to include a denial of diminution of sentence thereunder renders Defendant's sentences illegally lenient. Pursuant to *State v. Williams*, 00-1725 (La.11/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court is authorized to recognize and correct illegally lenient sentences.

Here, the defendant's sentence is illegally lenient in that the trial court failed to deny diminution of sentence. Thus, we amend his sentence to reflect that he is not eligible for diminution of sentence pursuant to La.R.S. 15:537. The trial court is instructed to note the amendment in the court minutes.

*Excessive Sentence*

The defendant argues that the "sentence imposed is excessive for this offender and this offense."

At his sentencing hearing, the defendant orally motioned the court to reconsider his sentence. He asserted that he was being sentenced more severely than his co-defendant who was sentenced to five years probation. This motion was denied. Thereafter, the defendant filed a written motion to reconsider sentence, in which he asserted that "[t]he sentence imposed is excessive." That motion was also denied.

Louisiana Revised Statutes 14:80 provides in pertinent part:

> D. Whoever commits the crime of felony carnal knowledge of a juvenile shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.

In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-0838 (La. 2/1/02), 808 So.2d 331, this court explained the standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive

2

sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-0562 (La. 5/30/03), 845 So.2d 1061, this court stated:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

In sentencing the defendant, the trial court explained:

> Although you have no prior felony convictions, you have had a very -- you have very substantial contacts with law enforcement agencies, including several arrests and misdemeanor convictions. You are now 25 years of age and during the last eight years have been arrested at least eight times. You have been convicted of DWI, possession of marijuana, simple battery, driving under suspension and attempted theft. The charge of attempted theft was a result of a looting charge being reduced.
>
> Considering your foregoing criminal record, the Court does not consider you to be a good candidate for probation. In arriving at your

3

sentence, I have taken into consideration all of the provisions of the Code of Criminal Procedure 894.1.

Accordingly, it is the sentence of the Court that you serve five years with the Department of Corrections at hard labor.

After reviewing the record, we do not find that the defendant's sentence was excessive. The presentencing investigation report revealed a number of arrests and misdemeanor convictions. We note that the defendant was sentenced to half of the statutory maximum for this offense. Furthermore, pursuant to a plea agreement entered into with the State, the defendant was allowed to plead guilty to one count of felony carnal knowledge of a juvenile with the other count being dismissed. Had he not pled guilty, the defendant potentially faced two sentences that each carried a maximum sentence of ten years.

Additionally, in determining whether the defendant's sentence is excessive, we give no consideration to the sentence received by his co-defendant insofar as "a sentence must be individualized as to each defendant." *State v. Lofton*, 97-383, p. 5 (La.App. 3 Cir. 10/8/97), 701 So.2d 712, 715, *writ denied*, 98-0389 (La. 6/5/98), 720 So.2d 679. As such, we find that the trial court did not abuse its discretion in imposing the defendant's sentence.

This assignment has no merit.

*Mitigating Factors*

The defendant argues that the "Trial Court failed to adequately consider the mitigating factors listed in La.Code Crim.P. art. 894.1 in imposing a sentence[.]"

After reviewing the record, we note that the defendant did not raise this issue at his sentencing hearing or in his written motion to reconsider the sentence. Pursuant to La.Code Crim.P art. 881(E), his failure to "include a specific ground upon which

4

a motion to reconsider sentence may be based, including a claim for excessiveness, shall preclude . . . the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." *See State v. Evans*, 27,183 (La.App. 2 Cir. 9/27/95), 661 So.2d 600 (because the defendant did not mention mitigating factors at his sentencing hearing or in his motion for reconsideration of sentence, he was precluded from asserting those issues on appeal). Likewise, we find that the defendant cannot raise this issue for the first time on appeal.

This assignment is without merit.

## DECREE

For the foregoing reasons, the defendant's sentence is affirmed. The defendant's sentence is amended to reflect that diminution eligibility is denied pursuant to La.R.S. 15:337. This matter is remanded to the trial court with instructions to make a notation in the minutes reflecting the amendment.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**