NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-212

STATE OF LOUISIANA

VERSUS

ERIC DAINELLE MONTGOMERY

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT,
PARISH OF SABINE, NO. 63879
HONORABLE CHARLES B. ADAMS, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

G. Paul Marx, Attorney at Law
Louisiana Appellate Project
P.O. Box 82389
Lafayette, LA 70598
Counsel for Defendant-Appellant:
    Eric Dainelle Montgomery

Anna L. Garcie, Assistant District Attorney
Office of the District Attorney
P.O. Box 1557
Many, LA 71449
Counsel for Appellee:
    State of Louisiana

**PAINTER, Judge.**

Defendant, Eric Dainelle Montgomery, appeals his sentence of seven years at hard labor after his plea of guilty to the charge of felony carnal knowledge of a juvenile.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 2007, Defendant, Eric Dainelle Montgomery, entered the victim's home without an invitation, got on top of the female victim who was sleeping on the sofa, put a pillow over her face, and forced her to have sexual intercourse. At the time of the offense, Defendant was twenty-five years old, and the victim was fifteen years old.

On October 12, 2007, Defendant was charged by bill of information with forcible rape, a violation of La.R.S. 14:42.1. Defendant pled guilty on September 11, 2008, to the reduced charge of felony carnal knowledge of a juvenile, a violation of La.R.S. 14:80. On November 21, 2008, Defendant was sentenced to seven years at hard labor with credit for time served. A Motion to Reconsider Sentence was filed on November 25, 2008, and summarily denied on December 2, 2008. Defendant is now before this court on appeal, asserting that his sentence is excessive. For the following reasons, we disagree with Defendant's contention and affirm his sentence of seven years at hard labor with credit for time served.

## DISCUSSION

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After a thorough review of the record in this case, we find that there are no errors patent.

1

*Excessiveness of Sentence*

Defendant argues that the seven years at hard labor is excessive when considering his age and the circumstances of this case. This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

2

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Defendant filed a written motion to reconsider sentence, in which he asserted that "[s]even years is excessive when considering the defendant [sic] age (26) and the fact the defendant is a first felony offender . . . and due to the circumstances of the case."

On appeal, Defendant urges this court to consider his youth and his status as a first felony offender. Additionally, Defendant argues that the trial court gave too much weight to his Presentence Investigation (PSI) report. Defendant contends that the DNA evidence contradicts the victim's story, and thus, there was no reason to give the PSI more weight than the DNA evidence.

Defendant also maintains that the reduced charge was an accurate reflection of the offense rather than an advantage for him. Additionally, Defendant states that there was no testimony to suggest any exceptional trauma, cruelty, or offense characteristics. Lastly, Defendant asserts that he has three children and has an employment history of oilfield work. In light of all these facts, Defendant concludes that the trial court did not consider the strong mitigating factors of his age and personal history.

The maximum possible sentence for felony carnal knowledge of a juvenile is ten years, with or without hard labor, or a fine of up to $5,000.00, or both. La.R.S. 14:80. As such, Defendant's sentence is almost seventy-five percent of the maximum possible sentence. Defendant, however, was spared a fine. Additionally, Defendant received a significant benefit from his plea agreement. Prior to his plea, he faced a maximum possible sentence of forty years at hard labor. La.R.S. 14:42.1.

3

At sentencing, the trial court observed that the case started out as a forcible rape case that was amended to felony carnal knowledge of a juvenile. It found that the police reports reflected that the case was "more of a forcible rape case rather than a carnal knowledge case." The State admitted, however, that evidentiary issues existed with regard to where the forcible rape allegedly took place as compared to where consensual sex allegedly took place. The State asserted that the only reason a plea agreement was offered was because of the lack of "evidentiary evidence."

The trial court then inquired as to why Defendant was being convicted of any offense. The State explained that the victim never recanted her statement and that she wanted to avoid a trial due to the amount of trauma she was already experiencing at that point. The State added that Louisiana law makes it impossible for a child of the victim's age to consent to sexual intercourse and that Defendant did not plead guilty to a charge that states that the offense was consensual.

Mitzi Harris, a Sexual Assault Advocate, testified at the sentencing hearing. According to Ms. Harris, the victim chose not to submit a victim impact statement because she felt that the repercussions would cause her more harm than good. Ms. Harris explained that the town where the offense occurred, Many, Louisiana, is a small town and that "things are still being said when she's [the victim] seen out in town" and that the victim had changed to a different school due to "the situation she had at school." Ms. Harris was not asked about the specific details or the victim's difficulties about town or at school. Lastly, Ms. Harris testified that she had no reason to believe that the victim's statement regarding the offense was inaccurate.

Defendant submitted four letters written on his behalf regarding his character. The trial court admitted the letters for its consideration but made no comments

4

regarding the content thereof. Counsel for Defendant urged the trial court to consider that the youthful Defendant was a first felony offender.

The trial court summarized the mitigating and aggravating factors it considered in sentencing Defendant as follows:

> The Court has received a pre-sentence investigation on you and on this case. It indicates that you were originally charged in the original arrest with carnal knowledge. That charge was upgraded to forcible rape. You were actually billed with forcible rape. And that charge, you were allowed, was reduced and you were allowed to plead guilty to carnal knowledge of a juvenile. Criminal history, talks about this being your first felony offense. Indicates, however, in 2005 in Bossier City you were charged with manufacturing and distribution or possession with intent to distribute schedule I. You plead guilty to possession of schedule I. So you were not convicted of a felony but you did have a felony arrest. Two other misdemeanor arrests and convictions, contributing to the delinquency of juveniles September 3, 2000. Reckless operation of a motor vehicle. In addition to that, DWI, operating a motor vehicle while intoxicated in 2005. Mr. Montgomery, there was some indication in this pre-sentence that you originally made a statement that the girl lied to you. You didn't know how old she was. But then it appears from the record that she's been a lifetime friend of the family. The Court is finding as a matter, the facts in this case are that you did know this girl, now still a minor, and have known her for quiet [sic] some time. That you did know how old she is. . . And having discussed the facts on the record previously, the Court finds this case is a very serious case, Mr. Montgomery. The record indicates that you have three children. You pay some child support by three different mothers. You've never been married . . . And you're currently at age twenty-six or at least prior to this, living with your grandmother. Completed ninth grade. Some employment, D&R Grocery two years, Alliance Compressors for one year. You worked for four different oil field drilling companies but never for anyone more than three months.

In comparing his sentence to similar sentences for similar offenses, Defendant refers this court to its decision in *State v. Brister*, 06-884 (La.App. 3 Cir. 12/6/06), 946 So.2d 258. In *Brister*, the defendant was sentenced to five years at hard labor and ordered to pay a $1,000.00 fine, plus court costs, for felony carnal knowledge of a juvenile. Brister was originally charged with two counts of carnal knowledge of a

juvenile. Pursuant to a plea agreement, he pled guilty to one count of felony carnal knowledge of a juvenile and the remaining count was dismissed.

After reviewing the record, we find that Defendant's sentence of seven years at hard labor is not excessive. The trial court clearly considered Defendant's age and the fact that the instant offense was his first felony conviction. Defendant's criminal history, however, reveals a number of arrests and misdemeanor convictions. Simply put, Defendant is no stranger to the judicial system.

With regard to DNA evidence, the record does not support Defendant's allegation that the DNA evidence **contradicts** the victim's story. The State indicated that there was a lack of DNA evidence which would have supported her claim that she had been forcibly raped, not that the evidence contradicted her story. Additionally, the testimony of the victim, alone, is sufficient to establish that she did not willingly participate in sexual intercourse with Defendant. In *State v. Rideaux*, 05-446, p. 2 (La.App. 3 Cir. 11/2/05), 916 So.2d 488, 491, the court observed the following ruling in *State v. Roca*, 03-1076, pp. 11-12 (La.App. 5 Cir. 1/13/04), 866 So.2d 867, 874, *writ denied*, 04-583 (La. 7/2/04), 877 So.2d 143, which stated:

> In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual finding. *State v. Stec*, 99-633, p. 4 (La.App. 5 Cir. 11/30/99), 749 So.2d 784, 787. In the case of sexual offenses, the testimony of the victim alone can be sufficient to establish the elements of a sexual offense, even where the State does not introduce medical, scientific or physical evidence to prove the commission of the offense.

Although DNA evidence may have strengthened the State's case against Defendant, such evidence in addition to the victim's testimony is not required. As such, the State's decision to offer a plea bargain due to the lack of physical evidence does not

6

equate with Defendant's assertion that the facts do not support a conviction for forcible rape.

The State also indicated that the plea bargain was offered to prevent the victim from enduring a trial on the merits. Additionally, based on the police reports, the trial court disagreed that the reduced charge of felony carnal knowledge of a juvenile was an accurate reflection of the offense. Lastly, the trial court indicated that Defendant's credibility was called into question as a result of his claim that the victim lied to him about her age, in spite of the fact that he more than likely knew her age since she had been a longtime friend of his family.

As for trauma sustained by the victim, the evidence suggests that the victim suffered significant repercussions from her allegation against Defendant to the point that she changed schools and was too afraid to complete a victim impact statement. As such, the record suggests that the victim did sustain exceptional emotional trauma as result of the offense.

Lastly, the record indicates that the trial court considered that Defendant is the father of three children for which he provides some support and that he has been employed in the oilfield. Defendant's employment history, however, was sporadic.

Although Defendant's sentence is toward the upper end of the sentencing range, he nonetheless did not receive the maximum sentence, nor was he fined. Also, his sentence is only two years longer than the sentence in *Brister*, the jurisprudence upon which Defendant relies in comparing his case. Additionally, Defendant significantly reduced his sentencing exposure as a result of his plea agreement. Accordingly, we find that the trial court did not abuse its discretion in imposing the Defendant's sentence.

**DECREE**

For all of the foregoing reasons, Defendant's sentence of seven years at hard labor is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.