NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-354

STATE OF LOUISIANA

VERSUS

LELAND S. SINGLETARY

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 75788
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.

Paula C. Marx
Louisiana Appellate Project
P. O. Box 80006
Lafayette, LA 70598-0006
(337) 991-9757
Counsel for Defendant/Appellant:
    Leland S. Singletary

Terry W. Lambright
Assistant District Attorney
P. O. Box 1188
Leesville, LA 71446
(337) 239-2008
Counsel for Appellee:
    State of Louisiana

**DECUIR, Judge.**

The Defendant, Leland S. Singletary, was charged with (1) armed robbery with a firearm, (2) attempted armed robbery with a firearm, (3) theft valued at less than $300, (4) theft valued at less than $300, and (5) conspiracy to commit armed robbery.

The Defendant entered a plea of no contest pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970), to armed robbery with a firearm. The remaining charges were dismissed. The Defendant was sentenced to twenty-five years at hard labor for armed robbery and to an additional five years for use of a firearm. Both sentences were to be served consecutively, without benefit of probation, parole, or suspension of sentence.

## FACTS

The Defendant is now before this court asserting two assignments of error.

The following factual basis was set forth by the State at the time the Defendant entered his plea of no contest:

> The State would contend that back on September the 20th, 2008, that this defendant, along with Cody Sneed, Thomas Edwards, did go to the home of LeeAnn Street. Mrs. Street was living alone. Mrs. Street being disabled, that she gets around on a walker, 63 years old, posing no threat to these defendants. That this defendant, along with a Thomas Edwards, went into her home, once inside her home, brandished a pump shotgun rifle where he actually attempted to chamber around [sic] by pumping it where Mr. Thomas Edwards did run through the home seeking what they believed Mrs. Street had was three hundred thousand dollars in the home. This defendant constantly battered Mrs. Street asking her where the three - - where is the three hundred thousand dollars. At the time Mrs. Street constantly telling him she doesn't have anything, she has nothing. Eventually telling her - - identifying this defendant while in the home, Shad, why are you doing this to me? Why are you doing this to me? Eventually telling Shad that the only money that she had in the home was the money in her purse, that being $185 and some pills. Thomas Edwards, along with him, took that money and as Thomas Edwards ran out of the home this defendant raised a pump shotgun rifle and struck Mrs. Street numerous times about her head knocking flesh loose causing her to bleed. Her face swelling to the point where it looked like it was about the explode. This lady has crippled hands - - where she believed he was attempting to kill her for whatever reason and that he did run from the home. This being a premeditated type of ordeal and that they had attempted to rob Mrs. Street on September the 15th whereby they went to her home and did cut her phone lines. At

that point, allegedly, Cody Sneed went into her home and for whatever reason turned around - - he was accompanied by this defendant and Mr. Thomas Edwards turned around for whatever reason as they ran from the home, they went back, retrieved the purse from her car, took money from that purse, put the purse back, in fact, and took off and eventually came back as I stated, Judge, on September the 20th and did complete this crime which was the armed robbery of Mrs. Street. This all occurred in Vernon Parish, State of Louisiana, on said dates.

In response, defense counsel indicated the Defendant did not dispute that an incident somewhat similar to that described by the State took place. However, the Defendant disputed his involvement as set forth by the State contending that he drove the get-away car and did not actually enter the home.

### ASSIGNMENTS OF ERROR NOS. 1 & 2

In his first assignment of error, the Defendant contends the trial court failed to articulate for the record sufficient reasons to justify the sentence and further failed to adequately consider mitigating factors in this case. In his second assignment of error, the Defendant contends the sentence is harsh and excessive to the degree that it is cruel and unusual punishment considering mitigating factors, which include his status as a twenty-four-year-old first time felony offender who accepted responsibility, and one co-defendant with an extensive record received the same period of incarceration and the other co-defendant was sentenced to serve fifteen years. We will address these two assignments together as they both pertain to the Defendant's sentence.

This court discussed the standard of review applicable to claims of excessiveness in *State v. Bailey*, 07-130, p. 3 (La.App. 3 Cir. 10/3/07), 968 So.2d 247, 250, as follows:

> A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the

2

needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman*, 99-1753, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167 (citations omitted).

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted), this court discussed the factors it would consider in order to determine whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

The Defendant pled no contest to armed robbery with a firearm. Armed robbery is punishable by a term of imprisonment from ten to ninety-nine years at hard labor, without benefit of probation, parole, or suspension of sentence. La.R.S. 14:64. Louisiana Revised Statute 14:64.3 requires the imposition of an additional five year term, at hard labor, when the weapon used in the commission of the armed robbery is a firearm. The Defendant received a sentence of twenty-five years at hard labor, without benefit of probation, parole, or suspension of sentence. The Defendant was also sentenced to serve an additional five years for use of a firearm during the commission of the offense.

In brief to this court, the Defendant asserts the trial court erred in finding nothing to mitigate the circumstances of this crime. Further, the trial court's conclusion that there was an undue risk the Defendant would commit another crime and a lesser sentence would deprecate the seriousness of the offense is not "supported in the record of this first offender." The Defendant contends the trial court's articulation of its reasons for the sentence imposed falls short of the requirements of La.Code Crim.P. art.894.1 and an excessive sentence resulted.

The Defendant further asserts that his sentence is disproportionate to those of his co-defendants. He argues this is particularly true in light of the actions of the co-defendants and their respective culpability for the crime.

> [I]n determining whether the defendant's sentence is excessive, we give no consideration to the sentence received by his co-defendant insofar as "a sentence must be individualized as to each defendant." *State v. Lofton*, 97-383, p. 5 (La.App. 3 Cir. 10/8/97), 701 So.2d 712, 715, *writ denied*, 98-0389 (La.6/5/98), 720 So.2d 679.

*State v. Brister*, 06-884, p. 4 (La.App. 3 Cir. 12/6/06), 946 So.2d 258, 261.

Thus, we will not determine whether the Defendant's sentence is excessive in comparison to those of Edwards and Sneed. We will also not address the Defendant's culpability or that of the co-defendants in this matter in determining whether the Defendant's sentence is excessive, because the Defendant entered an *Alford* plea and cannot now challenge the merits of the State's case or the factual basis underlying his conviction. *State v. Jefferson*, 36,562, p. 4 (La.App. 2 Cir. 1/29/03), 837 So.2d 733, 736, *writ denied*, 03-933 (La. 11/7/03), 857 So.2d 516.

At the sentencing hearing, the trial court noted the Defendant was twenty-four years old and four accompanying charges were dismissed. The trial court also commented that the Defendant identified the victim to his accomplices and they

4

entered her residence on one occasion, but left. The group subsequently planned the offense, armed themselves with weapons, returned to the residence, and robbed the victim. The trial court commented that the victim was vulnerable, as she lived alone in the country. The trial court then stated it had considered the sentencing guidelines set forth in La.Code Crim.P. art.894.1 and could find nothing to mitigate the circumstances of the crime.

Defense counsel subsequently informed the trial court that the Defendant had no prior felonies, was twenty-four years old, had two children, and was gainfully employed prior to the offense. The trial court then stated that it took those factors into consideration and noted that the pre-sentence investigation report indicated the Defendant was a first offender. The trial court additionally found there was an undue risk the Defendant might commit another crime during the period of a suspended sentence or probation. Further, a lesser sentence would deprecate the seriousness of the offense.

Despite the Defendant's assertions, a trial court is not required to list every aggravating or mitigating circumstance as long as the record reflects adequate compliance with La.Code Crim.P. art. 894.1. *State v. Maze*, 09-1298, p. 5 (La.App. 3 Cir. 5/5/10), 36 So.3d 1072, 1076. It is evident from the record that the trial court took cognizance of the requirements of Article 894.1 when imposing the sentence in the case at bar.

We will now determine whether the Defendant's sentence is excessive compared to other sentences imposed for armed robbery. In *State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 351, *writ denied*, 09-1955 (La. 6/25/10), 38 So.3d 352, the defendant and his co-defendant waited behind Sonic Drive-In until the store

5

closed. When the manager and assistant manager were leaving, the defendant and the co-defendant approached them. The defendant approached a female, robbed her, and hit her in the head with a gun, causing her significant injury. The trial court found there was an undue risk the defendant would commit another crime during the period of a suspended sentence or probation, correctional treatment was needed, and a lesser sentence would deprecate the seriousness of the offense. The trial court listed several aggravating factors and found no mitigating factors. Defense counsel indicated the defendant was twenty years old, an eleventh grade dropout, he was employed for approximately two years before the incident, and had a pregnant fiancé and "three children on the way [sic]." *Id*. at 352. Defense counsel further noted the defendant was a first offender. The trial court then sentenced the defendant to twenty-five years at hard labor.

In determining the defendant's sentence was not excessive, this court set forth the following:

> In *State v. Joseph*, 07-1567 (La.App. 3 Cir. 4/30/08), 982 So.2d 310, this court upheld a sentence of thirty years imposed on a first felony offender where the victim of the armed robbery sustained serious and permanent bodily injury. In making this determination, this court relied on the following jurisprudence.
>
> > "In *State v. Smith*, 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4, the Louisiana Supreme Court stated that sentences of 35 to 50 years have been found to be acceptable for first offenders convicted of armed robbery, citing *State v. Augustine*, 555 So.2d 1331, 1332 (La.1990), and *State v. Thomas*, 98-1144, p. 2 (La.10/9/98), 719 So.2d 49, 50." *State v. Alexander*, 03-1291, p. 12 (La.App. 5 Cir. 3/30/04), 871 So.2d 483, 491, *writ denied*, 04-1063 (La.10/1/04), 883 So.2d 1007.

*Id*. at 315.

> In *Smith*, 839 So.2d 1, the defendant used a firearm by aiming it at six persons during the robbery, there was a $400,000 value in stolen

items, and the defendant had a prior out-of-state conviction for an offense that was a felony in that state. In *State v. Jefferson*, 40,439 (La.App. 2 Cir. 1/27/06), 920 So.2d 984, a sentence of thirty years at hard labor was affirmed for a first felony offender where a firearm was used in the commission of the offense, the defendant showed no remorse, and the trial court considered the impact on the victims. In *State v. Jackson*, 04-1388 (La.App. 5 Cir. 5/31/05), 904 So.2d 907, *writ denied*, 05-1740 (La.2/10/06), 924 So.2d 162, the court upheld a sixty-year sentence imposed for two convictions of armed robbery where the eighteen-year-old first felony offender pointed a gun in the victim's face, leaving the victim so terrified that she fell on the floor crying when the robbers left.

The *Jackson* court also took note of the following cases:

> In *State v. Lewis*, 39,263 (La.App. 2 Cir. 1/26/05), 892 So.2d 702, the defendant, a first felony offender, received three concurrent 20 year sentences for the armed robbery of three employees at a bank. The defendant was armed with a BB gun.

> In *State v. Roddy*, 33,112 (La.App. 2 Cir. 4/7/00), 756 So.2d 1272, *writ denied*, 00-1427 (La.5/11/01), 791 So.2d 1288, a 22-year-old first felony offender defendant received a 20 year sentence for armed robbery of a bank. The defendant was a passenger in the getaway car, but was aware of the plan to rob the bank. The presentence report noted the defendant had spent eight months in a juvenile detention center for a prior adjudication for armed robbery.

> In *State v. Square*, 433 So.2d 104 (La.1983), the Louisiana Supreme Court upheld the defendants [sic] 25 year sentence for a bank robbery. The defendant was 22 years old, was gainfully employed, lacked a prior criminal record, and there was an absence of personal injury to the victims of the robbery.

*Id*. at 916-17.

The foregoing jurisprudence suggests that the Defendant's sentence of twenty-five years at hard labor is within the norm for a first-time offender. Here, the Defendant used a gun during the commission of the offense. After he received the money from the victim, he then used the gun to hit her in the head, causing significant injury to the victim's forehead. Considering the nature of the offense, including the danger to life and the purposelessness of the violence against the victim, as well as the sentences imposed for similar crimes,

7

the Defendant's sentence of twenty-five years is not unconstitutionally excessive. Thus, the sentence is affirmed.

*Id*. at 352-53.

The Defendant could have received a combined sentence of fifteen to one hundred four years. Based on *Perry* and the cases cited therein, the Defendant's combined sentence of thirty years at hard labor is not excessive. Furthermore, the Defendant benefitted greatly from the dismissal of two felony and two misdemeanor charges at the time he entered his plea.

## DECREE

For the foregoing reasons, the Defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.

8