843 So.2d 646 (2003)
STATE of Louisiana, Appellee,
v.
Denise J. KLASEK, Appellant.
No. 37,114-KA.
Court of Appeal of Louisiana, Second Circuit.
April 11, 2003.
*647 Louisiana Appellate Project, by G. Paul Marx, Paula Corley Marx, Indigent Defender Board, by Pamela G. Smart, Lafayette, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, John Schuyler Marvin, Joseph A. Gregorio, Spencer Hays II, David G. Griffith, Assistant District Attorneys, for Appellee.
Before STEWART, DREW and MOORE, JJ.
DREW, J.
Pursuant to a plea bargain, Denise J. Klasek entered a plea of guilty to one count of distribution of cocaine in violation of La. R.S. 40:967. The trial court imposed the 30 year maximum sentence and denied defendant's timely motion for reconsideration of the sentence. Contending the trial court erred in considering past arrests in imposing her sentence, Klasek appeals her sentence as excessive. For the following reasons, we affirm.
Initially, the state charged Denise J. Klasek with three counts of distribution of cocaine and two counts of distribution of methamphetamine, violations of La. R.S. 40:967, each of the five counts being punishable by imprisonment at hard labor for not less than five to no more than thirty years, the first five years of which must be served without benefits, and an optional fine. The state also charged defendant with one count of distribution of alprazolam (a Schedule IV CDS commonly known as Xanax), a violation of La. R.S. 40:969, punishable by imprisonment at hard labor for not more than ten years. In exchange for defendant's agreement to plead guilty to the first count, the state agreed to dismiss all the remaining charges.
The matters of record disclose that during an undercover investigation conducted at various locations in Bossier City, defendant distributed cocaine to a police agent on May 22, May 27, and June 2, 1999. She distributed alprazolam, an anti-depressant, to the same agent on July 16, 1999. Defendant also distributed methamphetamine to the same agent on June 17 and August 6, 1999. The crime lab verified the identities of all the suspected substances.
When, as here, a defendant's motion for reconsideration urges merely that the sentence is excessive, she is relegated to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La. 1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992). A trial court has broad discretion to sentence within the statutory limits. Past records of drug offenses should weigh heavily in the decision *648 to uphold the imposition of maximum sentences. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions but may properly review all prior criminal activity. State v. Jackson, 612 So.2d 993 (La.App. 2d Cir.1993). The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the absence of proof the defendant committed the other offenses. State v. Jones, 31,569 (La.App.2d Cir.12/9/98), 724 So.2d 810; State v. Anderson, 30,060 (La.App.2d Cir.10/29/97), 702 So.2d 40, 42.
Prior to imposing sentence, the trial court reviewed a thorough pre-sentence investigation report and considered the facts of the case. The court noted that the defendant was a third felony offender. Her adult record began in 1991 in San Diego, where she was convicted of possession of a controlled substance but was placed in a misdemeanor diversion program. In 1992, again in San Diego, defendant was convicted of forgery. In 1994 she was convicted of burglary and possession of a controlled substance in San Diego. In 1999, defendant had moved to Shreveport, where she was convicted for misdemeanor possession of a controlled substance. She returned to San Diego where, in 1999, she was again convicted for misdemeanor possession of a controlled substance.
Defendant was 44 years old at the time of sentencing, meaning that at the time of the offense, she was old enough to know better. Her plea bargain had secured the dismissal of five counts. Defendant makes a big point that she had not actually "sold" the drugs to the officer, arguing that she had merely "traded" the drugs with the agent. However, she conceded that trading constituted distribution, making this factor a distinction without a difference. Defendant claimed to have been a drug addict all her life.
The court pointed out that:
 The charges could have resulted in a sentence in excess of natural life if individual sentences had been imposed consecutively on each count;
 The sentence could have been natural life if the state had charged defendant as a third felony offender;
 Defendant had been on probation at least four times to no avail; and
 A lesser sentence would deprecate the seriousness of the offense.
On this record, we do not find constitutional error. Defendant's significant criminal history includes prior convictions for drug possession. She received a substantial reduction in sentencing exposure through her plea bargain and was given lenience by the state through its decision not to charge her as an habitual offender. The sentence imposed is lawful. Giving due consideration to the facts of the case including how the defendant bragged about the quality of her CDSand her background of criminality, the sentence is neither grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice. The trial court did not err in considering those charges in formulating its sentence. There is no showing of an abuse of the district court's discretion in the imposition of this sentence which, under the facts and circumstances of this case, is not constitutionally *649 excessive.[1]
The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The sentence technically is illegally lenient because the trial court failed to state that the first five years of the term must be served without benefits, as required by the statute of conviction. This error, however, will automatically be corrected by operation of La. R.S. 15:301.1.