|, PEATROSS, J.
Defendant, Dexter Randell Crutchfield, was charged with two counts of armed robbery, in violation of La. R.S. 14:64. The two counts of armed robbery were based on his arrests for two separate offenses. Defendant agreed to plead guilty to one count of armed robbery in exchange for the State’s agreement that the other count would be dismissed. After Defendant’s guilty plea, the trial court sentenced him to serve a term of 25 years at hard labor.[1] Defendant moved for reconsidera *824 tion of his sentence, but this motion was denied. Defendant now appeals his sentence as excessive. For the reasons stated herein, we affirm.
FACTS
On the night of June 6, 2001, Jeff McCuen (“McCuen”), the shift manager at an Arby’s restaurant in Bossier City, went to the branch of Regions Bank on East Texas Street to make a deposit. As McCuen pulled into the drive through area at the bank, Defendant got out of the passenger side of a car which had turned into the facility behind McCuen. Defendant approached McCuen’s truck and pointed a handgun at him, demanding the money. McCuen, startled by Defendant, tried to drive away; but, in so doing, he hit Defendant and pushed him through a window of the bank building. At that point, Defendant’s accomplice, who was driving the other car, drove away from the scene. Defendant got up and pointed his weapon a second time at McCuen, again demanding the money. McCuen threw the | ¡¡.bank bag holding the deposit out of his vehicle. Defendant picked up the bag and fled on foot. McCuen reported the robbery and the license plate number to the police. Defendant was caught near the crime scene a short time later with the money in his pocket. He confessed and named his accomplice in the instant offense, as well as an accomplice from an earlier robbery. Both of those persons later pled guilty to reduced charges.
As previously stated, Defendant pled guilty to one count of armed robbery. On appeal, Defendant argues that the trial court erred in denying his motion to reconsider his sentence because it failed to consider his cooperation with authorities; that he had been a model prisoner since being arrested on the instant charge; that he was 23 when he committed this offense; that he had been raised by a caring and devoted mother; that he was an active participant in church as a teenager; that he resorted to criminal behavior to support his drug addiction; and that he will have to serve 85 percent of his sentence before being eligible for release. Defendant also argues that the trial court imposed on him an unconstitutionally excessive sentence.
DISCUSSION
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. It is the goal of La. C.Cr.P. art. 894.1 to provide a factual basis for the sentence imposed, thus providing a record that will allow for a reasoned review of the sentence. State v. Lanclos, 419 So.2d 475 (La.1982).a The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Scott, 36,763 (La.App.2d Cir.1/29/03), 836 So.2d 1180. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C.Cr.P. art. 894.1. State v. Lanclos, supra.
The second prong used to determine if a defendant’s sentence is excessive is to examine whether the sentence imposed is too severe depending on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20, if it is gross *825 ly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Where a defendant has Upled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. Id. Absent a showing of manifest abuse of the trial judge’s discretion, a reviewing court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Prior to imposing sentence in the case sub judice, the trial judge reviewed Defendant’s Pre Sentence Investigation (PSI) report and considered the facts of the case. Defendant, then 25 years old, had adult convictions for simple theft, simple robbery bargained down from armed robbery and forgery. He had arrests for numerous traffic offenses and one for possession of a firearm by a convicted felon. Defendant was a third-felony offender. In mitigation, the trial judge noted that Defendant had cooperated with the authorities, admitted his culpability in the instant offense and had shown remorse. The trial judge, however, determined that a lesser sentence would deprecate the seriousness of the offense, noting that Defendant’s third-offender status would have subjected him to an extensive period of imprisonment had he been so charged. Finally, the trial judge expressed his belief that Defendant was in need of correctional treatment.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. The trial judge in the instant case was aware of Defendant’s social, educational and employment record through the PSI report. He received letters in support of Defendant from Defendant’s mother and from the adult education director of the parish sheriffs office prior to the denial of Defendant’s motion for reconsideration of his sentence. The trial judge considered these before he imposed the sentence.
Our review of the record in the case sub judice shows an adequate factual basis for the sentence imposed on Defendant. On this record, we do not find constitutional error. We note that Defendant has a pri- or conviction for simple robbery, which was bargained down from a charge of armed robbery. He received leniency from the State in the case sub judice through its agreement to dismiss an unrelated charge of armed robbery, a conviction for which would have exposed him to a consecutive sentence of 10 to 99 years, even without the filing of an habitual offender bill. The sentence imposed, which is only one quarter of what could have been imposed on Defendant, is lawful. Considering Defendant’s record and the facts and circumstances of this case, we *826 find that the sentence imposed is neither grossly disproportionate to the severity of the offense of conviction, nor is it shocking to our sense of justice. There is no showing of an abuse of the trial judge’s discretion in the imposition of this sentence, which is not constitutionally excessive. Accordingly, Defendant’s assignments of error are without merit.
^CONCLUSION
For the foregoing reasons, the sentence imposed on Defendant, Dexter Randell Crutchfield, is affirmed.
AFFIRMED.

. The trial court failed to state that Defendant's sentence was to be served without benefits. Failure to state sentence is without benefits will be corrected automatically by operation of La. R.S. 15:301.1. See State v. Klasek, 37,114 (La.App.2d Cir.4/11/03), 843 So.2d 646.