MOORE, J.
L2The defendant, Kenneth Wayne Reed, originally pled guilty to possession of marijuana, third offense, pursuant to a plea bargain in exchange for a 12-year sentence. The defendant inexplicably did not appear for sentencing. Two years later Reed appeared before Judge Marcotte under the same case number, and pled guilty to being a second felony offender although no bill had been filed indicating his sentence would be enhanced because he was a second felony offender. In accordance with a new plea agreement, he was sentenced to 14 years in prison. The defendant now appeals. Because no bill of information was filed alleging the defendant was a second felony offender, we vacate the defendant’s sentence and remand for resentencing.
FACTS
On April 26, 2000, Kenneth Reed pled guilty to possession of marijuana in Caddo Parish. On April 30, 2002, Kenneth Reed pled guilty to possession of marijuana, second offense in Caddo Parish. On November 22, 2005, Reed’s probation officers appeared at his girlfriend’s home, noticed a heavy odor of marijuana, searched the home and found marijuana in the refrigerator. Reed was arrested for possession of marijuana, third offense. Reed pled not guilty to the charge.
On October 18, 2007, Reed pled guilty to possession of marijuana, third offense, in exchange for an agreement that he would receive a 12-year sentence. After accepting his guilty plea, the trial judge allowed the defendant one month to get his affairs in order before sentencing on November 19, 2007. He admonished the defendant to refrain from criminal activity during that time, and told him that if he came to court on that date, the judge would abide by the plea agreement and sentence him to 12 years. The minutes of the Clerk of Court of Caddo Parish indicate nothing occurred on November 19, 2007, but a minute entry dated November 26, 2007, states the defendant did not appear for sentencing and a bench warrant was issued for his arrest.
A few years later, the defendant’s case returned to the attention of the court, and his case was continued on the docket a total of five times. Finally, on May 4, 2010, a sentencing hearing was held before Judge Craig |sMarcotte. The transcript of the hearing indicates that the defendant was before the trial court after having pled guilty to “marijuana, third offense.” The defendant was represented by counsel. The assistant district attorney stated, “The agreement is pleading as a second felony offender for an agreed sentence of fourteen years hard labor. And then that would be, I believe, also no-I think no fine and court cost and multi-bill.” The trial judge questioned the defendant and asked him, “You understand you have the right to a hearing to determine whether or not you are in fact a second offender?” The defendant answered affirmatively. He admitted to being a second felony offender and also stated he understood he was going to receive a 14-year sentence. The judge specifically stated that the defendant would get the benefit of “529.1 for parol [sic] just not suspension or probation at this point.”
The defendant filed a pro se motion for reconsideration of sentence, and a motion for an appeal. Appellate counsel was appointed to represent him. He filed this appeal and sought review of the sentence *1008 of 14 years and claimed that the underlying guilty plea to possession of marijuana, third offense, was invalid because the plea bargain agreement he had reached previously had not been honored. He also claimed that because the underlying guilty plea was defective, his subsequent admission as to his second habitual felony offender status was void and of no effect. He also argued that the 14-year sentence was excessive for this offender.
DISCUSSION
We pretermit discussion of the assignments of error raised by the defendant in his appeal because an error patent has been noted in this record. A record in a criminal case, which may be reviewed for discoverable error even in the absence of overt exceptions and duly assigned errors, includes the caption, statement of time and place of court, indictment or information and endorsement thereon, arraignment, pleading, empaneling of the jury, verdict, judgment, and bill of particulars filed in connection with a short form indictment or information. See State v. Oliveaux, 312 So.2d 337 (La.1975).
In this case, a review of the record shows no multiple offender bill of information was filed as required for enhancement of a sentence under La. |4R.S. 15:529.1, yet the appellant pled guilty and was sentenced as a second felony offender. The bill of information filed by the district attorney in regard to the possession of marijuana, third offense charge, mentions, of course, the defendant’s previous convictions on April 26, 2000 and April 30, 2002, which substantiate that this is the third offense of marijuana possession with which the defendant has been charged, but there is no bill of information indicating that the defendant would be sentenced as a second felony offender under La. R.S. 15:529.1.
In State v. Uqdah, 613 So.2d 1113 (La.App. 5 Cir.1993), the court found the record did not contain a bill of information charging the defendant as a multiple offender. Citing State v. Walker, 416 So.2d 534, 536 (La.1982), the court stated that an habitual offender bill of information does not charge a new crime but is only a method of increasing the punishment of second and subsequent felony offense. In order to sentence the defendant as a multiple offender under the Habitual Offender Law, it is essential that the former convictions be formally charged. State v. Mingle, 242 La. 844, 139 So.2d 205 (1961); State v. Donahue, 572 So.2d 255 (La.App. 1 Cir.1990). The Uqdah court found that because there was no multiple offender bill of information, the prior conviction could not be used to enhance the sentence for the conviction before the court. It vacated the sentence and remanded for resentenc-ing.
In State v. Fullilove, 94-326 (La.App. 5 Cir. 11/16/94), 646 So.2d 1041, the court held that even though the defendant pled guilty to simple burglary, admitted three previous felony convictions, and was sentenced as agreed upon by the parties, the defendant’s sentence could not be enhanced under the habitual offender statute absent a written multiple offender bill of information formally charging the defendant. Despite the fact that the record revealed the defendant’s constitutional rights were fully explained to him, and the colloquy indicated the defendant understood the plea agreement and admitted the prior felonies, the court still found that a written multiple offender bill of information was required to be filed before enhancement of a sentence under La. R.S. 15:529.1. The court vacated the sentence and remanded the case for resentencing.
CONCLUSION
| .¡Because the state did not file a multiple offender bill of information, the defen *1009 dant’s sentence is vacated, and we remand this case to the trial court for resentenc-ing.
SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.