WILLIAMS, J.
hThe defendant, Dan Eugene Foster, was charged by bill of information with driving while intoxicated (“DWI”), third offense, in violation of LSA-R.S. 14:98(D). The defendant pled guilty as charged and was sentenced to serve five years in prison at hard labor. For the following reasons, we affirm the defendant’s conviction and sentence, and we grant appellate counsel’s motion to withdraw.
FACTS
The defendant’s guilty plea was made subject to a plea agreement with the state. In exchange for the defendant’s guilty plea, the state agreed not to upgrade the charge to DWI, fourth offense. The state also agreed to recommend a sentence of five years at hard labor, the maximum sentence for DWI, third offense.
On June 14, 2011, the defendant, who was represented by counsel, pled guilty as charged. On September 16, 2011, he was sentenced to the agreed-upon sentence of five years at hard labor. In addition, the trial court ordered the defendant to pay a fine of $2,000, or in default thereof, serve six months in jail to run concurrently with the five-year sentence. Also, the court ordered the defendant’s vehicle forfeited in accordance with the provisions of LSA-R.S. 14:98.
On appeal, the defendant’s appellate counsel has filed a motion to withdraw, together with an Anders brief, alleging that there are no nonfrivolous issues to raise on appeal. See, Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlined the procedural history of the case and the agreement under which the defendant’s guilty plea was entered. Appellate counsel also verified that a copy of the motion to withdraw and his brief had been mailed to the defendant, in accordance with Anders, Jyles, Mouton and Benjamin, supra.
The record shows that the defendant was properly advised of his Boykin rights before he pled guilty. There were no errors patent found in the guilty plea. Additionally, pursuant to LSA-C.Cr.P. art. 881.2, the defendant is precluded from seeking review of his five-year sentence, which was imposed in conformity with the plea agreement set forth in the record.
ERRORS PATENT
In accordance with LSA-C.Cr.P. art. 920, this Court has conducted an error patent review of the appellate record. We have found two errors patent in the sentencing proceedings.
*732 First, when a defendant has been convicted of DWI, third offense, one year of the sentence “shall be imposed without benefit of probation, parole, or suspension of sentence.” LSA-R.S. 14:98(D)(l)(a). In the instant case, the trial court failed to impose one year of the sentence without benefits. However, the court’s error will be automatically corrected pursuant to LSA-R.S. ISiSOI.I.[1] See, State v. Braziel, 42,668 (La.App.2d Cir.10/24/07), 968 So.2d 853; State v. Klasek, 37,114 (La.App.2d Cir.4/11/03), 843 So.2d 646, writ denied, 2003-1359 (La.12/12/03), 860 So.2d 1149.
Also, the penalty provisions for a DWI, third offense conviction are imprisonment up to five years and a fine of $2,000. LSA-R.S. 14:98(D)(l)(a). An indigent defendant may not be subjected to imprisonment because he is unable to pay a fine which is part of his sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Monson, 576 So.2d 517 (La.1991); State v. Kerrigan, 27,846 (La.App.2d Cir.4/3/96), 671 So.2d 1242.
Here, the record shows that the defendant was and is indigent. The trial court imposed the $2,000 fine, as prescribed by the statute, and also ordered that the defendant serve six months in jail if he failed to pay the fine; however, the six-month sentence was to be served concurrently with his five-year sentence. Because the sentence was ordered to run concurrently with the defendant’s five-year sentence, the failure to pay the fine does not impose a harsher punishment upon the defendant. Accordingly, we decline to vacate this portion of the defendant’s sentence.
LCONCLUSION
For the foregoing reasons, the appellate counsel’s motion to withdraw is granted, and the defendant’s conviction and sentence are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.

. LSA-R.S. 15:301.1 provides, in pertinent part:
A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
[[Image here]]
C. The provisions of this Section shall apply to each provision of law which requires all or a portion of a criminal sentence to be served without benefit of probation, parole, or suspension of sentence, or of any one of them, any combination thereof, or any substantially similar provision or combination of substantially similar provisions.
[[Image here]]