MOORE, J.
| ,The defendant, Timothy Wayne Hooter, age 49, pled guilty to operating a vehicle while intoxicated, fourth offense, a violation of La. R.S. 14:98. He was sentenced to 12 years’ imprisonment at hard labor with credit for time served, as well as credit for time in the Fresh Start Rehabilitation facility and a $12,000 fine. Hooter now appeals, urging that the trial court *534 imposed an excessive sentence. Because the statute of conviction specifically requires a $5,000 fine, we amend the sentence by reducing the fine to $5,000; in all other respects, we affirm the conviction and sentence.
FACTS
Shortly after 9:00 p.m. on February 22, 2012, Monroe Police Department Officer Duane Cookson was traveling southbound on South Grand Street behind a 2001 Mitsubishi Eclipse. Cookson observed that the Eclipse’s registration had expired in 2006 and the license plate belonged to another vehicle, a 1992 Ford. Traversing 10 city blocks, Officer Cookson observed the vehicle cross the white fog line several • times and cross the yellow “no passing line” several times. Officer Cookson activated his emergency lights to initiate a traffic stop. The driver continued eight more blocks before he finally pulled over.
Officer Cookson identified the driver, Timothy W. Hooter, from his Louisiana identification card. He noted in his incident report that Hooter had red, watery eyes, slurred speech, and a strong odor of an alcoholic beverage on his breath. He also noted that Hooter fumbled with his wallet when trying to retrieve his ID, and he observed Hooter sway as he stood |2outside of his vehicle and lean onto his car.
Hooter possessed no paperwork or documentation for the vehicle. He claimed that he “bought the car from Justin and was waiting for the title in order to register the vehicle.” Officer Cookson Miran-dized Hooter and placed him into his police vehicle.
Officer Cookson had Hooter’s vehicle removed. An inventory search uncovered a 24-ounce Styrofoam cup with lid and straw on the floorboard - behind the passenger seat that contained ice and a brown, caramel-colored liquid that had an odor of an alcoholic beverage.
Back at the Monroe Police Department, Cookson conducted the Standardized Field Sobriety Tests with Hooter. Hooter exhibited all eight signs of impairment on the Horizontal Gaze Nystagmus Test and the Vertical Nystagmus Test. Hooter refused to perform the One-Leg Stand Test, the Walk and Turn Test, and he refused to submit a breath sample. Officer Cookson obtained a search warrant approved by Judge Wilson Rambo. Hooter was transported to St. Francis Medical Center where his blood was drawn. Hooter was determined to have a blood alcohol concentration of 0.19 — more than twice the legal limit of 0.08. La. R.S. 14:98 and R.S. 32:662,
Hooter was booked into the Ouachita Correctional Center and charged by bill of information with the following: (1) driving while intoxicated, fifth offense; (2) improper lane usage; (3) switched license plate; (4) improper equipment; (5) driving under revocation or suspension; (6) operating an unsafe vehicle; (7) possession of alcoholic beverages in |3motor vehicles; and (8) operating a vehicle without liability insurance. Additionally, Hooter was charged with refusal to submit to a chemical test and public intimidation.
On April 2, 2012, after waiver of formal arraignment, Hooter entered a plea of not guilty. Subsequently, on October 9, 2013, pursuant to a plea agreement, Hooter entered a plea of guilty to driving while intoxicated, fourth offense, in exchange for the dismissal of all the remaining counts.
At the sentencing hearing held on May 29, 2014, the court noted that Hooter had three prior felony convictions. The present offense was his fourth felony. Hooter has been arrested at least nine times for operating a vehicle while intoxicated. Of *535 those nine times, six resulted in misdemeanor convictions and two resulted in DWI (third offense) felony convictions. Hooter’s first felony conviction stemmed from a June 1997 conviction on a DWI, third offense, in Caldwell Parish. Hooter was sentenced to five years at hard labor, which was suspended, in favor of five years’ probation. His probation was revoked in August 2002 when he was arrested for a subsequent DWI. The second felony conviction stemmed from a December 2002 conviction in Ouachita Parish where Hooter pled guilty to DWI, third offense, and was sentenced to one year at hard labor to run consecutive to any other sentence. Hooter had an additional felony conviction stemming from a failure to stop and render aid that occurred in Galveston County, Texas, in 1997. Hooter was sentenced tó five years at hard labor, which was suspended and he was placed on five years’ supervised probation.
14Following a presentence investigation report, on May 28, 2014, Hooter was sentenced to 12 years’ imprisonment at hard labor with credit for time served since his initial arrest, including time spent at the Fresh Start Rehabilitation Program. Hooter was also ordered to pay a $12,000 fine plus all costs of court with default time on the payment of the fine set at 180 days. The default days were to run concurrent with the 12-year hard labor sentence.
On June 4, 2014, Hooter filed a motion for correction of an illegal sentence, asserting that the conviction of a third or subsequent offense is presumptive evidence of the existence of a substance abuse disorder with the offender posing a serious threat to the health and safety of the public. Hooter argued that the legislature provided for other methods of correction than the sentence imposed. The trial court treated the motion as a motion to reconsider sentence and denied the motion on grounds that the sentence was legal and well within the statutory limits. According to the court, Hooter is classified as a third-felony offender, and thus ineligible for a suspended sentence or probation. The court observed that Hooter has been arrested and/or convicted at least nine times for driving under the influence; thus, the likelihood of recidivism was high. Hooter timely appealed.
DISCUSSION
Hooter’s sole assignment of error is that the trial court erred by imposing a constitutionally excessive sentence. He argues that even though his sentence is within the statutory limits, it is excessive considering his established work history, his attainment of a GED, and. his response to | ¡-.inpatient treatment while awaiting sentencing. Appellant further asserts that part of his sentence should be suspended so that he may seek further treatment.
The state contends the trial court considered all of the relevant aggravating and mitigating factors when determining proper sentencing and that the sentence was not excessive in this case.
Appellate review of sentences for excessiveness involves a two-pronged inquiry. First, the record must show that the sentencing court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines. State v. Marshall, 94-0461 (La.9/5/95), 660 So.2d 819; State v. Linnear, 44,880 (La.App. 2 Cir. 12/9/09), 26 So.3d 303. When the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even in the absence of full compliance with the article. State v. Lobato, 603 So.2d 739 (La.1992); State v. Linnear, supra. The important elements which *536 should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App. 2 Cir. 8/13/08), 989 So.2d 259, writ denied, 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Taves, 03-0518 (La.12/3/03), 861 So.2d 144; State v. Caldwell, 46,718 (La.App. 2 Cir. 11/2/11), 78 So.3d 799.
| fiSecond, a sentence violates La. Const, art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is grossly disproportionate if it shocks one’s sense of justice when the crime and punishment are viewed in light of the harm to society. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166.
In cases where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Germany, 43,239 (La.App. 2 Cir. 4/30/08), 981 So.2d 792; State v. Black, 28,100 (La.App. 2 Cir. 2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. The trial court is given wide discretion in the imposition of sentences within the statutory limits. The sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Diaz, 46,750 (La.App. 2 Cir. 12/14/11), 81 So.3d 228. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, supra; State v. Free, 46,894 (La.App. 2 Cir. 1/25/12), 86 So.3d 29.
Because the arrest occurred in 2012, the applicable statute is the 2012 version of La. R.S. 14:98(E)(l)(a), which reads, in pertinent part:
|7[0]n a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Two years of the sentence of imprisonment shall be imposed without benefit of parole, probation, or suspension of sentence. The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment. (Emphasis supplied).
The statute thus provided a sentencing range of 10 to 30 years with or without hard labor with at least 2 years of the sentence served without benefit of parole, probation, or suspension of sentence. The court thus has the discretion to suspend all or part of the remainder of the sentence of imprisonment.
In this instance, the trial court exercised its discretion by not suspending any part of the 12-year sentence imposed. During the sentencing hearing, the court noted that Hooter was a third felony offender and therefore, by statute, eligible for a suspended sentence. The court also noted in its written ruling regarding Hooter’s motion for correction of an illegal sentence that Hooter was classified as a third *537 felony offender by the Department of Public Safety and Corrections and not eligible for a suspended sentence or probation. The court may have been referring to La. R.S. 15:529.1(G) of the Habitual Law, which provides that a second or subsequent felony offender sentenced under the provisions of that statute “shall be at hard labor without benefit of probation or suspension of | ¡^sentence.”[1] However, the record does not indicate that any habitual offender bill of information was filed in this case, and therefore, the court could not (and, in fact, did not) impose an enhanced sentence under the habitual offender law. State v. Reed, 46,147 (La.App. 2 Cir. 3/2/11), 58 So.3d 1006. The bill of information charged Hooter with DWI fifth offense under La. R.S. 14:98, and listed multiple prior DWI offenses. The court stated in its written reasons denying Hooter’s motion to correct an illegal sentence that the 12-year sentence was legal under the terms of La. R.S. 14:98, and the court had discretion whether to suspend a portion of the sentence imposed for DWI fourth. It further stated that even if Hooter were eligible for a suspended sentence, it would not suspend any portion of the sentence it imposed.
The first prong of the test for an excessive sentence requires that the record show that the sentencing court complied with La. C. Cr. P. art. 894.1. This includes important elements such as personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation.
The record reflects that the court complied with La. C. Cr. P. art. 894.1. Specifically, the trial court noted as mitigating factors that Hooter came from a good family. His father retired from both the U.S. Army and the Texas City Fire Department. He has two children and is married to his second wife, yet currently separated. He attained a GED and received | ^training as a welder and has maintained steady employment throughout the years. The trial court also considered a favorable letter written on Hooter’s behalf by the general manager of Big River Rice and Grain, where Hooter is employed. The general manager said that Hooter had been a model employee. The court likewise considered Hooter’s voluntary participation and completion of the Fresh Start Program. While in the program, Hooter participated and completed services including anger management, life skills, job readiness, biblical training, and intensive outpatient treatment.
Considering the aggravating factors, the court observed that Hooter has had a drinking problem for the last 25 years, with his first arrest occurring in 1988. Additionally, the court noted that Hooter had two positive tests through Sober Link, where he was to report regularly upon his completion of the Fresh Start Program. Hooter admitted that at least one of the two tests had a positive result because of a beer that he drank. In addition, there were 37 times when Hooter did not submit to the Sober Link tests as required. The trial court noted that Hooter had nine arrests for operating a motor vehicle while intoxicated. It is clear that Hooter has a problem with drinking and driving. In addition to those nine arrests, Hooter has also been arrested for speeding, driving with a suspended license and possession of marijuana, among other violations.
*538 The second prong of the excessiveness test is whether the sentence violates La. Const, art. 1 § 20. A sentence violates La. Const, art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. In other words, the 110sentence shocks the sense-of justice.
A sentence of 12 years is at the lower end of the statutory range for operating a vehicle while intoxicated, fourth offense. Operating a vehicle while intoxicated places others at great risk of harm or death. Hooter has had at least one wreck in Texas while under the influence, which resulted in his felony conviction for failure to render aid. We also note that Hooter has received the benefit of suspended sentences with probation for DWI in the past. Despite these opportunities, Hooter violated his probation by committing the same offense.
In light of Hooter’s record as a repeat offender despite the opportunities given to him to seek rehabilitation, we conclude that the 12-year sentence at hard labor imposed by the trial court is not excessive. It is neither grossly disproportionate to the offense,' nor does it shock our sense of justice in light of the harm to society posed by intoxicated drivers. Accordingly, the trial court did not abuse its discretion in imposing a 12-year sentence upon Timothy Wayne Hooter for violating La. R.S. 14:98, operating a vehicle while intoxicated, fourth offense.
ERROR PATENT
La. R.S. 14:98(E)(l)(a) requires that a person convicted of a fourth or subsequent offense of operating a vehicle while intoxicated shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined $5,000. Two years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. In this case, the trial court failed to order that twojnyears of Hooter’s 12-year sentence be served without the benefit of parole, probation or suspension of sentence.
The trial court’s failure to state that the sentence is to be served without benefits will be corrected automatically by operation of La. R.S. 15:301.1. See State v. Braziel, 42,668 (La.App. 2 Cir. 10/24/07), 968 So.2d 853, State v. Klasek, 37,114 (La.App. 2 Cir. 4/11/03), 843 So.2d 646, writ denied, 2003-1359 (La.12/12/03), 860 So.2d 1149; State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790, 799.
The appellate record also reveals an error patent regarding the defendant’s fine. The trial court failed to impose the mandatory fine of $5,000 and instead imposed a fine of $12,000. Accordingly, the defendant’s sentence is illegally excessive. La. C. Cr. P. art. 882(A) provides that an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. Accordingly, the sentence should be amended to reduce the fine to $5000.
Additionally, in default of payment of the fine, the defendant was ordered to serve 180 days in the parish jail. An indigent defendant may not be subjected to imprisonment because he is unable to pay a fine which is part of his sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Monson, 576 So.2d 517 (La.1991); State v. Tillman, 43,569 (La.App. 2 Cir. 10/22/08), 997 So.2d 144, writ denied, 2008-2836 (La.9/25/09), 18 So.3d 85. A defendant’s claim of indigence may be discerned from the record. State v. Williams, 484 So.2d 662 (La.1986); State v. Arkansas, 47,317 (La.App. 2 Cir.8/8/12), 104 So.3d 459, writ denied, 12-1996 (La.3/15/13), 109 *539 So.3d 374. Where a defendant is represented by the Indigent Defender’s Office, a court-appointed attorney, or the Louisiana Appellate Project, the court may conclude that the defendant is indigent. See State v. Arkansas, supra.
The record shows that the defendant is indigent. At trial, the defendant was represented by the Indigent Defender’s Office, and he is represented by the Louisiana Appellate Project on appeal. Accordingly, we amend Hooter’s sentence to vacate that portion of the sentence imposing jail time in default of payment of the $5,000 fine and court costs.
CONCLUSION
For the foregoing reasons, we affirm the defendant’s conviction for DWI fourth offense and, finding that the sentence imposed is not excessive, affirm the 12-year sentence at hard labor, as amended. We amend the sentence to conform with the statutory requirement that the first two years of the sentence be served without benefit of probation, parole, or suspension of sentence. We further amend the sentence by reducing the $12,000 fine to $5,000 as mandated by the statute of conviction, and we vacate that portion of the sentence imposing jail time in default of payment of the fine.
CONVICTION AND SENTENCE AFFIRMED, AS AMENDED.

. The court may also have been thinking of La. R.S. 15:574.4, which states that "[a] person convicted of a third or subsequent felony offense shall not be eligible for parole.” La. R.S. 15:574.4(A)(l)(a). However, this is a determination made by the Department of Public Safety and Corrections.